UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAZARO MORALES URIETA,<br>Petitioner,<br>v.<br>BRUCE SCOTT, *et al.*,<br>Respondents. | CASE NO. 2:26-cv-03701-GJL<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Lazaro Morales Urieta is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On September 30, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release. *Id.* Respondents to the Petition include Bruce Scott (Warden of the NWIPC) and Markwayne Mullin (U.S. Department of Homeland Security ("DHS") Secretary).[1] The Petition is fully briefed. Dkts. 1, 8, 11.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition (Dkt. 1) and **ORDERS** Petitioner's immediate release as set forth in the conclusion below.

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 4.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Mexico who has lived in the United States for more than two decades. Dkt. 1 at 2. Petitioner is a member of the certified "Bond Denial Class" in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), which was affirmed by the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). In a previous habeas action filed by the Petitioner, United States District Judge Tiffany M. Cartwright found that Petitioner's mandatory detention without individualized process was unlawful, granted habeas relief, and ordered that Petitioner receive an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 7 at 5–9; *Zamora-Cervantes v. Hernandez,* No. 2:26-cv-02540-TMC, Dkt. 11 (W.D. Wash. Jul. 24, 2026).

Pursuant to that relief, Petitioner received a bond hearing before Immigration Judge ("IJ") Traci Winder on September 16, 2026. Dkt. 6 at 5–6. In advance of the hearing, Petitioner submitted a motion for bond redetermination and supporting evidence. Dkt. 6 at 1–2; Dkt. 7. Among other things, Petitioner's submissions demonstrated his continuous residence in the United States for more than two decades, his sole criminal conviction for a driving under the influence from 1997, his family ties, his fixed residence, and his pending appeal concerning issues of removability. Dkt. 7 at 12–230. Petitioner's immediate family consists of his wife and two United States citizen children, both of whom suffer from documented medical and mental-health issues. *Id.* at 165–66, 180–95. The government's evidentiary submissions included a DHS I-213 Form issued on July 1, 2026. Dkt. 9-3; Dkt. 10 at 2.

It is unclear whether the bond proceedings were recorded, and no neutral contemporaneous record has been made available for the Court's review. According to Petitioner's counsel, who was present at the hearing, IJ Winder denied bond and issued the following oral decision: "In this case, the court finds that, again, [Petitioner] has failed to meet

his burden of proof to show by preponderance of the evidence that he's not a flight risk based on the fact that his cancellation of removal case was denied." Dkt. 6 at 2. Petitioner's counsel states that the IJ "did not otherwise identify the evidence supporting the flight-risk determination or explain how Petitioner's denial of cancellation of removal demonstrated that Petitioner was likely to fail to appear for future proceedings." *Id.*

Respondents do not dispute this account of the hearing. According to Respondents, the government argued that bond should be denied because Petitioner is a flight risk given the denial of his application for relief from removal, the alleged unlikelihood of a favorable outcome on appeal, and the "lack of legal status for the Petitioner and his immediate family in the United States" (presumably excluding Petitioner's children, who are United States citizens). Dkt. 10 at 2.[2] As already discussed, some, but not all of these factors were cited in the IJ's oral decision.

Following the hearing, IJ Winder issued her decision on a checkbox form marking three boxes reflecting that Petitioner is a "Flight Risk," "Conditional release is: denied," and "Ability to pay considered." Dkt. 6 at 5. The checkbox order does not include *any* other reason, explanation, or discussion of the bond denial decision or the evidence upon which it rested. *Id.* at 5–6.

## II. PROCEDURAL BACKGROUND

Petitioner initiated this action on September 30, 2026, by filing a federal habeas Petition. Dkt. 1. Petitioner also filed supporting materials. Dkts. 6, 7. Respondents filed a Return and

---

[2] The Court notes that the foundation for Respondents' Declaration and the admissibility of the Declarant's statement concerning what occurred at the bond hearing are unclear. Although the Declarant states that the entire Declaration is based on his review of DHS systems and records and his familiarity with Petitioner's case, Respondents do not identify any record memorializing the bond proceedings that the Declarant could have reviewed, nor do they establish that the Declarant was personally present at the bond hearing. Nevertheless, even assuming the Declaration is competent evidence, it does not alter the Court's analysis. Accordingly, the Court need not resolve what appears to be a serious admissibility issue.

supporting materials on October 15, 2026. Dkt. 8; Dkts. 9, 9-1–9-4; Dkt. 10. Petitioner filed a timely Traverse. Dkt. 11. Thus, this matter is now fully briefed and ready for consideration by the Court.

## III. HABEAS STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and...the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV. DISCUSSION

In his Petition, Petitioner argues that the IJ's bond determination was arbitrary and an abuse of discretion, that exhaustion of administrative remedies should not be required, and that immediate release is the only appropriate remedy. Dkt. 1. In their Return, Respondents do not address the merits of Petitioner's claim, arguing only that Petitioner should be required to exhaust available administrative remedies before the Board of Immigration Appeals ("BIA"). Dkt. 8.

In his Reply, Petitioner maintains that Respondents' exhaustion argument is without merit and that waiver of exhaustion is appropriate. Dkt. 11 at 4–7. Petitioner emphasizes that Respondents do not meaningfully defend the adequacy of the IJ's bond denial decision, further demonstrating the legal indefensibility of Petitioner's continued detention. *Id.* at 2–4.

The Court agrees with Petitioner that exhaustion is properly waived, that the IJ's bond determination constituted an abuse of discretion, and that he is entitled to immediate release.[3]

First, even if exhaustion were required, as recently noted by another court in this District, waiver of that requirement is appropriate given the frequently delayed remedies available through the BIA and the comparatively swift relief available via habeas corpus proceedings:

> If Petitioner is correct that [his] detention is unlawful and h[is]immediate release is required, even a successful BIA appeal process is no adequate substitute for the swifter redress available through the habeas writ. A petition for writ of habeas corpus is "entitled by statute to special, preferential consideration to insure expeditious hearing and determination." *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737–38 (9th Cir. 1954). This is for good reason: the Constitution cannot abide the prolonged confinement of a person who by law should be at liberty. Therefore, "[t]he application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from [her] within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000).

*Roberts v. Scott*, No. 2:26-CV-01333-TL, 2026 WL 2071146, at *4 (W.D. Wash. July 17, 2026) (last alteration in original). Moreover, Petitioner identifies individualized harms caused by his continued detention pending BIA appeal, such as prolonging his separation from his family and constraining his ability to support his two United States citizen children who suffer from documented medical and mental-health conditions. Dkt. 1 at 12–13; Dkt. 7 at 180–95. Thus, the Court concludes that the circumstances presented here warrant waiver of the exhaustion requirement.

Next, as stated above, Respondents do not oppose the merits of Petitioner's claim and argue for dismissal only on exhaustion grounds. *See* Dkt. 8. Having rejected Respondents' sole argument for dismissal, the Court finds that Petitioner has satisfied his burden of demonstrating

[3] Notwithstanding the jurisdictional limitations in 8 U.S.C. § 1226(e), the Court also finds it has jurisdiction over Petitioner's claims. *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022); *Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) ("[A] district court has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional.") (collecting cases).

by a preponderance of the evidence that reviewable legal or constitutional errors pervaded his immigration bond proceedings and warrant the grant of habeas relief.

> To sustain a permissible flight risk finding, any factor considered by an IJ must rationally bear on a noncitizen's likelihood to appear for immigration proceedings. *Matter of Patel*, 15 I. & N. Dec. 666, 667 (BIA 1976) (reversing flight risk finding where IJ relied on factors bearing "little if any relevance to the issue of whether or not the [noncitizen] is likely to appear for his deportation proceeding"). Further, factors should not be viewed so broadly or given such undue weight as to risk either denying release or "requiring a bond of almost every [noncitizen] who is held in deportation proceedings." *Id.* (reversing IJ's order requiring bond where evidence of criminal arrest was unclear and only other factors considered were the noncitizen's potential avenues for relief from removal, a factor likely to apply nearly universally to noncitizens pending removal).

*Layata Hernandez v. Hernandez*, No. 2:26-CV-01574-GJL, 2026 WL 1723680, at *6 (W.D. Wash. June 15, 2026). Here, it is undisputed that the IJ's flight risk finding was premised upon Petitioner's perceived limited avenues for relief from removal. *See* Dkt. 6 at 2. This circumstance, which is nearly ubiquitous among noncitizens facing the prospect of removal, is not an appropriate foundation for a rational flight-risk finding. *See Layata Hernandez*, 2026 WL 1723680, at *7 (collecting authority).

In short, no reasonable and impartial decision-maker presented with Petitioner's case would conclude denial of bond was warranted based upon the purported basis. The Court therefore concludes that the IJ abused discretion in denying bond and that Petitioner's continued detention pursuant to that determination violates due process. *See Soto Gimenez v. Hernandez,* No. 2:26-CV-00966-GJL, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026) ("Bond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case. Where those minimum requirements are not met, a resulting bond denial decision violates due process.").

With respect to remedy, the Court finds that immediate release rather than a conditional writ requiring that another bond hearing be provided is the appropriate remedy here. Indeed,

Respondents have already been afforded an opportunity to cure legal deficiencies underlying Petitioner's detention and that they failed to do so. Dkt. 7 at 5–9; *Zamora-Cervantes,* No. 2:26-cv-02540-TMC, Dkt. 11 (ordering bond hearing to cure legal defects underlying Petitioner's detention). And "[t]he consequence when the State fails to replace an invalid judgment with a valid one is *always* release." *Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008) (emphasis added).

## V. CONCLUSION

For the reasons outlined above, and the Court **ORDERS** as follows:

(1) Petitioner's habeas Petition (Dkt. 1) is **GRANTED;**

(2) Respondents **SHALL release** Petitioner Lazaro Morales Urieta from custody **IMMEDIATELY** either on his own recognizance or under conditions of supervision reasonably necessary to ensure his appearance; and

(3) Respondents **SHALL** file a declaration within **24 HOURS** of the issuance of this Order, confirming that Petitioner has been released from custody and providing the date and time of release.

Dated this 29th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge